**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| MOSSACK FONSECA & CO., S.A., BUFETE MF & CO., JURGEN MOSSACK and RAMON FONSECA | : : : : : |
| Plaintiffs, | : CIVIL ACTION NO. 3:19-cv-01618 |
| v. | : : |
| NETFLIX INC. | : : |
| Defendant. | : : OCTOBER 16, 2019 |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT NETFLIX INC.'S MOTION TO DISMISS OR IN THE ALTERNATIVE TO TRANSFER VENUE**

**TABLE OF CONTENTS**

FACTUAL BACKGROUND ..................................................................................................... 1

ARGUMENT .................................................................................................................................. 2

I.    The Court Should Dismiss Due to Lack of Personal Jurisdiction Over Netflix ..................... 2

    A.   *Legal Standard for Motion to Dismiss for Lack of Personal Jurisdiction* ..................... 2

    B.   *Plaintiffs Cannot Avail Themselves of Connecticut's Long-Arm Statute Because They Are Not Residents of Connecticut and Do Not Have a Usual Place of Business in Connecticut* ................................................................................................ 3

    C.   *Exercise of Personal Jurisdiction Over Netflix Would Violate Constitutional Principles of Due Process* ............................................................................................ 4

        1.   There Is No General Jurisdiction Over Netflix ...................................................... 5

        2.   There Is No Specific Jurisdiction Over Netflix ..................................................... 5

    D.   *The Court Should Also Dismiss Pursuant to Federal Rule 12(b)(3) Due to the District of Connecticut Being an Improper Venue* ........................................................ 7

II.   In the Alternative, Transfer to the Central District of California Pursuant to 28 U.S.C. § 1404 Is Warranted for the Convenience of the Parties and in the Interests of Justice .................................................................................................................................. 8

    A.   *This Action Could Have Been Brought in C.D. Cal.* ................................................... 8

    B.   *Transfer to C.D. Cal. Will Promote Convenience and Justice* ..................................... 9

CONCLUSION ............................................................................................................................ 10

Plaintiffs Mossack Fonseca & Co., S.A., Bufete MF & Co., Jurgen Mossack, and Ramon Fonseca's (collectively, "Plaintiffs") are Panamanian individuals and businesses. In April 2016, an anonymous whistleblower released a cache of 11.5 million documents concerning Plaintiffs' business dealings, which permitted their clients to hide income and avoid taxes through the use of offshore bank accounts and shell companies. These documents, known as the Panama Papers, made international headlines and were the subject of extensive news reports throughout the world.

Defendant Netflix, Inc. ("Netflix") is the distributor of a feature film titled *The Laundromat* that addresses the abuses of the global financial system that were laid bare by the release of the Panama Papers. Although the film has already been exhibited for weeks at film festivals and in cinemas, Plaintiffs have asserted defamation and Lanham Act claims and seek to enjoin further distribution of the film, including in particular, via Netflix's streaming service, on which the film is scheduled to become available on October 18, 2019. In a separate filing opposing Plaintiffs' request for a temporary restraining order and preliminary injunction, Netflix will demonstrate that Plaintiffs are not entitled to any injunctive relief.

This Court does not need to reach the merits of Plaintiffs' motion, however, because Plaintiffs do not meet the requirements of the Connecticut long-arm statute, Conn. Gen. Stat. § 33-929(f), necessary for the Court to exercise personal jurisdiction over Netflix. Nor would exercising personal jurisdiction over Netflix comport with Constitutional due process requirements. Even if Plaintiffs were permitted to hale Netflix into a Connecticut court, this action should be transferred because the locus of operative facts concerning *The Laundromat* is in Los Angeles, California.

**FACTUAL BACKGROUND**

Plaintiffs Jurgen Mossack ("Mossack") and Ramon Fonseca ("Fonseca") are individuals residing in the Republic of Panama. (Compl. ¶ 1). Plaintiff Bufete MF & Co. ("MF") was a

Panamanian law firm with an office in Ciudad de Panama.  (Compl. ¶ 2).  Plaintiff Mossack Fonseca & Co., S.A. ("MFSA") was a closely held corporation existing under the laws of Panama, with an office in Ciudad de Panama.  (Compl. ¶ 3).

Netflix is incorporated in the state of Delaware and has its headquarters in the state of California.  (Declaration of Kate Chilton ("Chilton Decl.") ¶ 3).  Netflix has no office in Connecticut.  (Chilton Decl. ¶ 3).

Netflix owns the rights to distribute the film entitled *The Laundromat* (the "Film") that is the subject of Plaintiffs' Complaint.  The Film was shot over thirty-seven days of principal photography.  (Chilton Decl. ¶ 2).  Thirty-two of those days were shot in California, with thirty of those days being in Los Angeles.  There were four days of shooting in south Florida and one day in Las Vegas, Nevada.  No shooting or editing for the Film occurred in the State of Connecticut.  (Chilton Decl. ¶ 2).  The Netflix personnel who are responsible for the content and marketing of the Film are all based in Netflix's Los Angeles office.  (Chilton Decl. ¶ 3).  The Film's screenwriter, Scott Z. Burns, resides in Los Angeles, California.

The Film is in the midst of a limited theatrical distribution in various U.S. cities, and was exhibited at the Venice and Toronto Film Festivals.  The Film has not been theatrically distributed in the State of Connecticut and is not scheduled for any theatrical distribution there.  (Chilton Decl. ¶ 4).

**ARGUMENT**

I.      **The Court Should Dismiss Due to Lack of Personal Jurisdiction Over Netflix**

     A.      *Legal Standard for Motion to Dismiss for Lack of Personal Jurisdiction*

As the proponent of jurisdiction, the plaintiff bears the burden of demonstrating that the Court has jurisdiction over a nonresident defendant.  *Lego A/S v. Best-Lock Const. Toys, Inc.*, 886 F. Supp. 2d 65, 72 (D. Conn. 2012); *see also Troma Entm't, Inc. v. Centennial Pictures Inc.*, 729

2

F.3d 215, 217 (2d Cir. 2013)). "To establish personal jurisdiction over a nonresident defendant, a plaintiff must demonstrate that the applicable long-arm statute reaches the defendant and that minimum contacts exist between the defendant and the forum to satisfy the requirements of due process." *Van Law v. Proficio Mortg. Ventures, LLC*, No. 3:09-CV-1183 RNC, 2010 WL 3926064, at *2 (D. Conn. Oct. 1, 2010) (citing *Metropolitan Life Ins. Co. V. Robertson–Ceco Corp.,* 84 F.3d 560, 566–67 (2d Cir. 1996)). "A plaintiff must establish an independent basis for personal jurisdiction for each separate cause of action." *Van Law*, 2010 WL 3926064, at *2 (quoting *Delcath Sys., Inc. v. Enney,* No. 3:05–CV1281 (JCH) 2006 WL 1525986, at *3 (D. Conn. May 26, 2006)).

> B.  *Plaintiffs Cannot Avail Themselves of Connecticut's Long-Arm Statute Because They Are Not Residents of Connecticut and Do Not Have a Usual Place of Business in Connecticut*

Under Conn. Gen. Stat. § 33–929(f)(4), a foreign corporation is only subject to suit in Connecticut by "**a resident of this state or by a person having a usual place of business in this state** . . . on any cause of action arising . . . out of tortious conduct in this state, whether arising out of repeated activity or single acts, and whether arising out of misfeasance or nonfeasance." (emphasis added).  Therefore, the first question is whether Plaintiffs are residents of Connecticut or have a usual place of business in Connecticut.  *See Nedgam Prods., LLC v. Bizparentz Found.*, No. 3:09-CV-500 CFD, 2010 WL 3257909, at *7 (D. Conn. Apr. 29, 2010) (holding plaintiff Nevada corporations failed to allege "any business operations in Connecticut, let alone a 'usual place of business' in Connecticut" and therefore that plaintiffs could not establish personal jurisdiction); *Lexington Ins. Co. v. Rockwood Corp.*, No. 3:17-CV-017 (VLB), 2018 WL 7819245, at *2 (D. Conn. Jan. 24, 2018) ("[A] nonresident plaintiff who has no usual place of business in Connecticut may not establish personal jurisdiction over a foreign corporation.") (citation omitted).

To satisfy the "usual place of business" standard of Conn. Gen. Stat § 33-929(f), Connecticut courts require that the plaintiff do more than be registered to do business in

3

Connecticut or pay taxes in Connecticut; the plaintiff must maintain a fixed, physical address in Connecticut from which it conducts business. *Anderson Trucking Serv., Inc. v. Eagle Underwriting Grp., Inc.*, No. 3:17-CV-00817 (CSH), 2018 WL 4039326, at *12 (D. Conn. Aug. 23, 2018).[1]

Plaintiffs allege that they are either individuals who reside in the Republic of Panama or entities based in and existing under the laws of Panama. (Compl. ¶¶ 1-3). There are no allegations in the Complaint that any of the Plaintiffs reside in Connecticut, has an office in Connecticut, or conduct business from any specific place or location within Connecticut. *Cf. Anderson Trucking*, 2018 WL 4039326, at *12. Consequently, Plaintiffs fail to make a prima facie showing that this Court has personal jurisdiction over Netflix, a foreign corporation, under Conn. Gen. Stat. § 33-929(f),[2] and thus dismissal is warranted under Federal Rule 12(b)(2).[3]

      C.    *Exercise of Personal Jurisdiction Over Netflix Would Violate Constitutional Principles of Due Process*

The fact that Plaintiffs are neither residents of, nor have a "usual place of business in," Connecticut alone requires the dismissal of their claims against Netflix. However, even if Plaintiffs did have sufficient ties to Connecticut to satisfy Conn. Gen. Stat. § 33-929(f), this Court would still lack personal jurisdiction over Plaintiffs because the facts alleged in the Complaint fail to satisfy Constitutional due process requirements. To satisfy these requirements, the Court must

---

[1] In this manner, the Connecticut long-arm statute requires a plaintiff have a more direct connection to Connecticut than would be required for a defendant to be haled into a Connecticut court. *Anderson Trucking*, 2018 WL 4039326, at *12. ("While [plaintiff's] contacts with Connecticut may be sufficient to cause it to be hailed [sic] into a Connecticut court as a *defendant* under the long-arm statute, they are insufficient to confer residence status on Anderson as a *party plaintiff* entitled to avail itself of the use of Connecticut's courts under Conn. Gen. Stat. § 33-929(f).").

[2] Plaintiffs admit that Netflix is a foreign corporation incorporated in Delaware. (Compl. ¶ 4). Although Netflix is registered to do business in Connecticut, this fact does not affect Netflix's status as a "foreign" corporation under Conn. Gen. Stat. § 33-602 ("'Foreign corporation' means a corporation incorporated under a law other than the law of this state.").

[3] There is no need for jurisdictional discovery. Plaintiffs' lack of resident status or a usual place of business in Connecticut is established in the Complaint, and they cannot therefore satisfy the threshold requirement of Conn. Gen. Stat. § 33-929(f). *See Anderson Trucking*, 2018 WL 4039326, at *13 (denying jurisdictional discovery on ground that plaintiff's failure to allege Connecticut residence or usual place of business was solely within plaintiff's purview).

be satisfied first, that the defendant has certain minimum contacts with the forum state, and second, that the assertion of personal jurisdiction over the defendant comports with traditional notions of fair play and substantial justice under the circumstances of the particular case. *Waldman v. Palestine Liberation Org.*, 835 F.3d 317, 331 (2d Cir. 2016).

The Complaint does not specify whether general or specific jurisdiction is alleged over Netflix. But under either type of personal jurisdiction, Plaintiffs fail to allege facts sufficient to satisfy the due process inquiry. The Complaint includes only vague allegations that Netflix is registered as a foreign corporation in Connecticut and "regularly engages in business in this judicial district, advertising and marketing its streaming video products, selling subscriptions, and ultimately streaming programs into the State and the entire United States of America." (Compl. at p. 7).

### 1. There Is No General Jurisdiction Over Netflix

"General jurisdiction requires affiliations so continuous and systematic as to render the foreign corporation essentially at home in the forum State . . . Being essentially at home in a place is a very high bar, almost never found for corporations where they are neither incorporated nor headquartered." *Statek Corp. v. Coudert Bros. LLP*, No. 3:07-CV-00456 (SRU), 2018 WL 834227, at *12 (D. Conn. Feb. 12, 2018) (citing *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)) (quotations and other citations omitted). Netflix is incorporated in Delaware and has its headquarters in California. (Chilton Decl. ¶ 3). Netflix does not maintain any office in Connecticut. (Chilton Decl. ¶ 3). Accordingly, there is no basis for general personal jurisdiction over Netflix.

### 2. There Is No Specific Jurisdiction Over Netflix

To the extent that Plaintiffs purport to allege personal jurisdiction over Netflix, the Complaint is devoid of allegations that their claims "arise out of or relate to" Netflix's contacts

with Connecticut. Due process requires that the "defendant must have undertaken some act by which it purposefully availed itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Statek Corp.*, 2018 WL 834227, at *13 (internal citations and quotation marks omitted).

Plaintiffs only vaguely allege that Netflix has subscribers in Connecticut. The theatrical exhibition of the Film has been limited to theaters in California and New York (and the Toronto and Venice Film Festivals). (Chilton Decl. ¶ 4). There has been and will be no theatrical release of the Film in Connecticut. (Chilton Decl. ¶ 4). Plaintiffs do not allege that the claims in the Complaint, sounding in defamation and trademark, were somehow purposefully directed by Netflix at individuals or businesses in Connecticut. In other words, Plaintiffs have offered no "special state-related design, advertising, advice, marketing, or anything else," connecting the Film in question to Connecticut. *J. McIntyre Mach., Ltd. v. Nicastro*, 564 U.S. 873, 889 (2011).

Even if the Court were to find that Netflix had purposefully availed itself of the privilege of doing business in Connecticut, Plaintiffs must still demonstrate that the exercise of personal jurisdiction "does not offend traditional notions of fair play and substantial justice" and is thus reasonable under the Due Process clause. *Chloe v. Queen Bee of Beverly Hills, LLC*, 616 F.3d 158, 173 (2d Cir. 2010) (citation and quotations omitted). The factors to be considered in determining reasonableness are:

> (1) the burden on the defendant,
> 
> (2) the interests of the forum State, ...
> 
> (3) the plaintiff's interest in obtaining relief, ...
> 
> (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and
> 
> (5) the shared interest of the several States in furthering fundamental substantive social policies.

*Statek Corp. v. Coudert Bros. LLP*, No. 3:07-CV-00456 (SRU), 2018 WL 834227, at *20 (D. Conn. Feb. 12, 2018) (citing *Chloe v. Queen Bee of Beverly Hills*, 616 F.3d 158, 173 (2d Cir. 2010)).

With respect to the first factor, the burden on Netflix from litigating in Connecticut would be substantial, as the majority of the relevant witnesses and the evidence giving rise to the Film are located in California. (Chilton Decl. ¶ 3). With respect to the second factor, Connecticut has no particular interest in having this case heard here, as neither the Plaintiffs nor Defendant has any significant connection to the state. With respect to the third factor, there is no readily apparent reason that Plaintiffs could not bring their claims elsewhere. With respect to the fourth factor, the convenience of witnesses and center of activities giving rise to the Film which is the center of Plaintiffs' Complaint are outside the state. Plaintiffs' Complaint thus lacks any of the requisite detail to show that Netflix should have anticipated being haled into a Connecticut court to litigate defamation claims lodged by Panamanian plaintiffs concerning a film created by Netflix, which is headquartered in California.[4] The Court should therefore hold that exercising personal jurisdiction over Netflix would violate due process and that the Complaint should thus be dismissed pursuant to Federal Rule 12(b)(2).

      D.      <u>*The Court Should Also Dismiss Pursuant to Federal Rule 12(b)(3) Due to the District of Connecticut Being an Improper Venue*</u>

Pursuant to 28 U.S.C. § 1391(a), an action may be brought in a judicial district in which the defendant resides. When the defendant is a corporation, the corporation is deemed to reside in any district where the corporation would be subject to the court's personal jurisdiction. 28 U.S.C. § 1391(c)(2). "Because the requirements for personal jurisdiction and venue are identical for corporations, Connecticut is an improper venue" where, as here, there is no personal jurisdiction,

---

[4] No part of the filming or editing of *The Laundromat* took place in Connecticut. (Chilton Decl. ¶ 2).

7

and dismissal is warranted under Federal Rule 12(b)(3).  *See Izzo v. Sandy Alexander, Inc.*, No. 3:17-CV-02060 (VLB), 2018 WL 4426040, at *7 (D. Conn. Sept. 14, 2018) (citation omitted).

## II.     In the Alternative, Transfer to the Central District of California Pursuant to 28 U.S.C. § 1404 Is Warranted for the Convenience of the Parties and in the Interests of Justice

In the alternative, this action should be transferred to the United States District Court for the Central District of California ("C.D. Cal.") pursuant to 28 U.S.C. § 1404.  Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . ."  Whether to grant a motion to transfer venue lies within the broad discretion of the district court and will be "determined upon notions of convenience and fairness on a case-by-case basis." *Collins v. Kohl's Dep't Stores, Inc.*, No. 3:18-CV-00065 (VAB), 2018 WL 2926301, at *2 (D. Conn. June 11, 2018) (quoting *Publicker Indus., Inc. v. United States (In re Cuyahoga Equip. Corp.)*, 980 F.2d 110, 117 (2d Cir. 1992)).

A district court engages in a two-part inquiry when considering whether to exercise its discretion to transfer an action pursuant to 28 U.S.C. § 1404.  First, the district court must determine whether the action could have been brought in the transferee court.  Then, the district court must consider whether the transfer would serve the interests of convenience and justice. *Collins*, 2018 WL 2926301, at *3.

### A.     *This Action Could Have Been Brought in C.D. Cal.*

The employees in Netflix's Los Angeles office were responsible for the content of and marketing for the Film, and the Film's screenwriter, Scott Z. Burns, resides in Los Angeles. (Chilton Decl. ¶¶ 3, 5).  The Central District of California is thus the judicial district in which "a substantial part of the events . . . giving rise to the claim occurred," pursuant to 28 U.S.C. § 1391(b)(2), and venue would be proper there.

8

  B. *Transfer to C.D. Cal. Will Promote Convenience and Justice*

In deciding whether transfer would promote convenience and fairness, a court should consider "(1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, and (7) the relative means of the parties." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106–07 (2d Cir. 2006) (quoting *Albert Fadem Trust v. Duke Energy Corp.,* 214 F. Supp. 2d 341, 343 (S.D.N.Y. 2002)).

Given the conspicuous absence of *any* connection between the parties or the alleged operative facts to the District of Connecticut, it appears that the sole reason this action was filed in this state is because Plaintiffs' counsel is based in Connecticut. But the convenience of a plaintiff's counsel is not entitled to any weight in the venue analysis. *Costello v. Home Depot U.S.A., Inc.*, 888 F. Supp. 2d 258, 268 (D. Conn. 2012) ("The convenience of counsel is not the appropriate consideration on a motion to transfer."); *WorldCare Ltd. Corp. v. World Ins. Co.*, 767 F. Supp. 2d 341, 363 n.44 (D. Conn. 2011) ("The Court further notes that if the inconvenience relates primarily to [plaintiff's] Connecticut counsel, such a consideration is an inappropriate matter on a motion to transfer.").

"First, plaintiffs' choice of forum, although usually afforded significant deference, is 'substantially diminished' where, as here, the corporate plaintiff did not file suit in its home base or state of incorporation." *WorldCare Corp.*, 767 F. Supp. at 366 (citing *Lever Brothers Co. v. Procter & Gamble Co.,* 23 F. Supp. 2d 208, 211 (D. Conn. 1998)).

Second, with respect to the convenience of witnesses and the location of relevant documents and proof, both of these factors strongly favor transfer to C.D. Cal., where the Netflix employees who worked on the Film, and their files, are located. With respect to the locus of

9

operative facts, C.D. Cal. is where the content and marketing of the Film were produced and where the Film's screenwriter resides. The overall convenience of the parties also favors Los Angeles, California since the majority of witnesses, documents, and operative facts are located there. Further, Los Angeles is no more difficult, and perhaps easier, to travel to from Panama than Connecticut.[5]

Finally, the relative means of the parties factor is neutral, since both sides are represented by counsel, and Plaintiffs are not just individuals, but also a partnership and a corporate entity.

Each of the factors thus favors transfer of this action, and the Court should therefore exercise its discretion to transfer this action to the United States District Court for the Central District of California.

## CONCLUSION

For the foregoing reasons, Netflix respectfully requests that the Court grant the motion to dismiss for lack of personal jurisdiction and improper venue, or in the alternative, transfer this action to the United States District Court for the Central District of California.

---

[5] The relative convenience of travel for Plaintiffs Jurgen Mossack and Ramon Fonseca is irrelevant, since they are both subject to a bail order in Panama that prevents them from leaving that country. (Compl. ¶ 42).

10

Respectfully submitted,

DEFENDANT NETFLIX, INC.

By: //s// James J. Healy (ct28447)
James J. Healy (ct28447)
Cowdery & Murphy, LLC
280 Trumbull Street
Hartford, CT 06103
(860) 278-5555 Office
(860) 249-0012 Facsimile
jhealy@cowderymurphy.com

Tom J. Ferber
Pryor Cashman LLP
7 Times Square
New York, NY 10036
(212) 421-4100 Office
(212) 326-0806 Facsimile
tferber@pryorcashman.com

- Its Attorneys -